**Tara Herivel, OSB #070418**
Tara@heriveldefense.com
Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Telephone: (503) 893-5525
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **RICHARD FRANCIS WEAVER JR,** | Case No. |
| **PLAINTIFF,** | **COMPLAINT** |
| v. | Civil Rights Action (42 U.S.C. § 1983); Negligence |
| **OREGON DEPARTMENT OF CORRECTIONS, an agency of the State of Oregon;** MORIAM BALOGUN, LELAND BEAMER, THOMAS BRISTOL, DANIEL DEWSNUP, LORETTA IRVING, DEENA LOZIER, BENJAMIN NORTON, MARK PATTON, WARREN ROBERTS, ZOLTAN TEGLASSY, ROSALINDA VICINA. | **DEMAND FOR JURY TRIAL** |
| **DEFENDANTS.** | |

Plaintiff Richard Weaver is currently incarcerated in a prison operated by the Oregon Department of Corrections ("ODOC"). He brings this Civil Rights Action concerning defendants' deliberate indifference to his serious medical needs while incarcerated by ODOC. Plaintiff suffers from a history of poorly controlled asthma and

1 - COMPLAINT

chronic bronchitis, post-COVID-19 pulmonary damage, a dislocated wrist, chronic pain including cervical and thoracic, and neuropathic pain syndrome.

ODOC refused to provide the medically required treatment for plaintiff's serious medical conditions, causing years of unnecessary, chronic pain and suffering that profoundly impacts his ability to engage in ordinary life activities to this day.

After failing to receive adequate medical care for at least five years while in ODOC the custody, plaintiff filed a writ for habeas corpus in state court.  The state court found that ODOC was deliberately indifferent to Mr. Weaver's serious medical conditions in violation of the Oregon Constitution.  The state court entered a judgment requiring ODOC to provide certain medical care and consultation with specialists.  Following the successful habeas case, defendants including Roberts refused to implement the court's orders and retaliated against Mr. Weaver causing him further physical and psychological injury.   Plaintiff now sues for damages under the Civil Rights Act.

## JURISDICTION

1.     This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. 1983  and 12101 et seq., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2.     Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district.  28 U.S.C. § 1391(b).  The acts and practices alleged herein against the plaintiff

occurred at Oregon State Correctional Institution ("OSCI") in Marion County, Oregon and Two Rivers Correctional Institution ("TRCI") in Umatilla County, Oregon.

## PARTIES

3.      Plaintiff Richard Weaver is an adult currently incarcerated at the Oregon State Correctional Institution in Salem, Oregon. During all times relevant Mr. Weaver was incarcerated at OSCI in Marion County, Oregon and Two Rivers Correctional Institution in Umatilla County, Oregon.

4.      Defendant Moriam Balogun, AGNP is a nurse practitioner employed by ODOC at OSCI, and a member of ODOC's Therapeutic Levels of Care Committee (hereinafter, "TLC").  She is sued in her individual capacity.  At all times relevant, she was acting within the scope of her agency or employment, and under color of state law.

5.      Defendant Leland Beamer, MD is a physician at TRCI employed by ODOC, and member of the TLC.  He is sued in his individual capacity.  At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

6.      Defendant Thomas Bristol, MD is a physician at TRCI employed by ODOC, and member of the TLC.  He is sued in his individual capacity.  At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

7.      Defendant Daniel Dewsnup, MD is a physician at TRCI employed by ODOC, and member of the TLC.  He is sued in his individual capacity.  At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

3 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

8. Defendant Loretta Irving is a medical provider at OSCI employed by ODOC. She is sued in her individual capacity. At all times relevant, she was acting within the scope of her agency or employment, and under color of state law.

9. Defendant Deena Lozier is a medical provider at TRCI employed by ODOC. She is sued in her individual capacity. At all times relevant, she was acting within the scope of her agency or employment and under color of state law.

10. Defendant Benjamin Norton, MD is a physician employed by ODOC at TRCI, and a member of the TLC. He is sued in his individual capacity. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

11. Defendant Mark Patton, MD is a physician employed by ODOC at TRCI, and a member of the TLC. He is sued in his individual capacity. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

12. Defendant Warren Roberts, MD is a physician and medical director of ODOC, and a member of the TLC. He is sued in his individual capacity. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

13. Defendant Zoltan Teglassy, MD, is a physician employed by ODOC at OSCI, and a member of the TLC. He is sued in his individual capacity. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

14. Defendant Rosalinda Vicina is a medical provider employed by ODOC at OSCI. She is sued in her individual capacity. At all times relevant, she was acting within the scope of her agency or employment, and under color of state law.

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

## FACTUAL ALLEGATIONS

16. Plaintiff Weaver suffers from poorly controlled asthma and chronic bronchitis, post-COVID-19 pulmonary damage, a left wrist injury (dislocation), neuropathic pain syndrome, and chronic pain including cervical and thoracic pain.

17. In October of 2020, Weaver contracted Covid-19 while in custody following wildfire evacuations. Although he recovered from Covid-19, he had lingering effects, also known as post-sequalae of Covid-19 or "long Covid". His exercise tolerance became significantly reduced, he would become winded and short of breath when walking short distances or climbing stairs. ODOC prescribed an albuterol "rescue" inhaler - a critical item that could literally save his life in the event of an asthma attack. Since contracting Covid-19, he needed to use the inhaler approximately twice as much as before.

18. Defendant restricted his rescue inhaler use to two puffs up to 4 times a day; thus up to 8 puffs a day and he was only allowed 1 inhaler every 120 days. Given there are 90 puffs in one rescue inhaler, defendant restricted plaintiff to medically insufficient doses for the refill period.

19. Plaintiff repeatedly reported shortness of breath and requested inhaler refills. He was told that he must wait until 120 days since his last one was issued and denied refills. The requests went to defendants Irving and Vicina, whose refusal to provide adequate medical care caused plaintiff continued pain and suffering and increased deterioration of his respiratory conditions.

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

20. Plaintiff rationed his inhaler, using less than the prescribed amount or what he needed as medically necessary. For 22 days in the fall of 2020 he did not have access to an inhaler at all, even when he was suffering from Covid-19. The lack of adequate access to an inhaler risked plaintiff's life.

21. On July 29, 2020 defendant (last name yet unknown, signature illegible scribble) denied breathing treatment citing Covid-19 as the basis for refusal.

22. In approximately October of 2020, plaintiff fell while in custody and dislocated his left wrist, sustaining significant, constant pain. He was deprived treatment and needed surgery causing extreme pain and dysfunction for many months to follow. He repeatedly asked ODOC for treatment for the injury and pain relief. The requests went to defendants including Vicina, Irving, Balogun and Roberts, whose refusal to provide adequate medical care caused plaintiff continued pain and suffering and increased deterioration of his wrist injury and psychological health.

23. Plaintiff suffers from neuropathic pain syndrome with chronic pain including back and neck pain. He repeatedly reported pain and suffering regarding this condition to ODOC and requested treatment. One such request went to the Therapeutic Level of Care (TLC) on February 4, 2015 for consideration. The TLC consists of ODOC employees who will approve or deny medical treatment based upon arbitrary factors that are listed in their policies and procedures. Defendants Dewsnup, Beamer and Lozier refused his requests for treatment, causing increased pain and suffering and increased deterioration of his neuropathic injury.

6 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

24. On December 26, 2017, plaintiff requested treatment for the chronic cervical and back pain. The request went to the TLC for consideration. Defendants including Norton and Patton denied treatment, causing increased pain and suffering and increased deterioration of his chronic pain conditions.

25. On November 16, 2020, plaintiff requested treatment and evaluation for his injured, dislocated wrist injury from October 2020, and chronic pain in his neck and back pain. Defendant Bristol (signature scribble appears to be defendant Bristol's) denied care and treatment and allowed only for an ineffective wrist splint, causing plaintiff increased pain and suffering and increased deterioration of his wrist injury and neuropathic pain.

26. As a result of his unrelenting pain and lack of appropriate medical care over the prior five years, Mr. Weaver filed a Petition for Writ of Habeas Corpus on May 26, 2020 seeking redress for failures to provide medical services sufficient to treat his profound and disabling medical conditions.

27. Following trial in the state habeas case, Marion County Circuit Court Judge Claudia Burton court held that ODOC was deliberately indifferent to Mr. Weaver's serious medical conditions and granted injunctive relief by Opinion Letter issued January 27, 2021 with subsequent Findings of Fact and Conclusions of Law and General Judgment signed on February 17, 2021.

28. Defendants are precluded from relitigating the issues raised in the Habeas Corpus case, and are bound by the findings of the State Court.

29. The state court's Findings of Fact include the following:

7 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

a. Plaintiff suffers from a history of poorly controlled asthma and chronic bronchitis and contracted Covid-19 in October 2020 that exacerbated his respiratory conditions requiring an albuterol rescue inhaler on demand. Plaintiff requested inhalers at times when he runs out "early" only to be told that he must wait until 120 days since his last one was issued. Plaintiff had to ration use of his inhaler, using less than the prescribed amount. In addition, for 22 days in the fall of 2020 he did not have access to an inhaler at all, even when he was suffering from Covid-19. The lack of adequate access to an inhaler is a risk to plaintiff's life. Defendant offered no evidence, either in terms of cost or risk of any adverse consequences, of any rational reason to restrict plaintiff's access to an inhaler to such a degree.

b. Plaintiff's peak flow rate testing of his lungs performed on December 2, 2020, showed readings of 450, 400, and 430. These are abnormal readings; given plaintiff's height his readings should be in the 600's. Plaintiff has repeatedly complained of shortness of breath to ODOC. Given his history of asthma, bronchitis, and Covid-19, as well as his abnormal peak flow rate testing, the standard of care would be for plaintiff to be referred to a pulmonologist for pulmonary function testing, as testified by plaintiff's expert.

c. In approximately October of 2020, plaintiff fell and injured his left wrist. The pain control offered by ODOC has been inadequate and inappropriate.

8 - COMPLAINT

    His pain has not been adequately controlled, and he has repeatedly complained to ODOC regarding his pain. The standard of care requires that plaintiff have an MRI of his wrist and be allowed to consult with an orthopedic surgeon, as testified to by plaintiff's expert.

d. Plaintiff also suffers from generalized chronic pain, including cervical and thoracic pain. He has also repeatedly complained of this condition to ODOC. Interventions have been attempted but have failed. The standard of care requires that he be evaluated by a pain control specialist, as also testified to by plaintiff's expert.

e. Defendant's sole witness at trial, Medical Director Dr. Warren Roberts, presented testimony on defendant's behalf. The state court concluded after his testimony defendant Roberts was an unreliable witness who lacks credibility.

f. Dr. Roberts has been the subject of multiple medical malpractice claims including a jury verdict in 2017 of over four million dollars against him. In 2011, the Colorado Medical Board issued a letter of admonition against Dr. Roberts finding that his treatment of a patient in 2007 "fell below the generally accepted standards of practice for a neurosurgeon." In 2014, the Oregon Board of Medical Examiners initiated a formal complaint against Dr. Roberts. As amended in 2015, the complaint alleged inadequate care by Dr. Roberts of 5 patients (in addition to the Colorado incident).

9 - COMPLAINT

    g.   At the time of his testimony, the court found Dr. Roberts was out of compliance with a corrective action agreement with the Oregon Board of Medical Examiners. His testimony in declaration and at trial was contrary to the terms of the corrective action agreement, including testimony he was currently able, under the agreement, to perform neurosurgery, which he was not. He also testified his board certification was in good standing; however, he was out of compliance with the annual continuing certification requirements to maintain that certification in good standing. Further, he was out of compliance with mentoring requirements for patient services under the corrective action agreement and had been for over 6 months when he performed a physical examination of plaintiff on January 21, 2021.

    h.   Dr. Roberts' technical competence as a physician is questionable, his testimony regarding his professional difficulties evasive or intentionally dishonest.

30.   The state court's Conclusions of Law follow:

    a.   Deliberate indifference is first and foremost established by the refusal to provide plaintiff with sufficient inhalers. From the dose prescribed and the number of puffs per inhaler, it would be obvious that the inhalers supplied are insufficient to allow plaintiff to take the prescribed dose, and there was no evidence as to any reason not to provide plaintiff with an adequate supply of inhalers. Both with regard to plaintiff's wrist pain and his chronic pain syndrome, defendant

10 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

has repeatedly been put on notice of the issues and failed to meet the standard of care…The Court finds that ODOC's care of plaintiff falls below the standard of care. The Court finds that medical treatment that falls outside the standard of practice cannot be the result of any reasonable difference of medical opinion. Further, the Court notes defendant's entire defense of its medical treatment of plaintiff was based on the testimony of Dr. Roberts, who as noted above, is not a reliable witness. The Court finds plaintiff's expert witness, Dr. Mark Baskerville, to be credible and is persuaded by Dr. Baskerville's testimony on standard of care and failure by defendant to meet that standard. Plaintiff has established violations of the 8th Amendment and Article I Section 16 of the Oregon Constitution.

31. The Court entered the following Judgment with orders:

   a. Defendant shall arrange for plaintiff to see a pulmonary specialist for pulmonary function testing and such other diagnostic workup as that specialist recommends, and shall follow the treatment recommendations of that specialist.

   b. Defendant shall immediately make sufficient inhalers available to plaintiff to allow him to use the prescribed amount, i.e., up to 8 puffs per day.

   c. Defendant shall ensure that plaintiff consults with an orthopedic surgeon following his wrist MRI and shall comply with that physician's treatment

11 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

recommendation. Pending such treatment, defendant shall immediately implement effective pain control measures for plaintiff's wrist.

    d. Defendant shall ensure that plaintiff is seen by a pain control specialist regarding his chronic pain syndrome and shall follow the treatment recommendations of said specialist.

    e. Defendant shall pay plaintiff's filing fee.

    f. This Court shall retain jurisdiction to ensure compliance with the terms of this Judgment.

    g. Plaintiff's counsel may submit a statement of attorney fees and costs within 14 days of entry of this Judgment, pursuant to ORCP 68 C(4)(a).

32. Post-trial, defendants including Roberts failed to follow the state court's judgment and orders and refused to provide the treatment ordered for plaintiff.

33. On February 1, 2021, after winning his habeas case, plaintiff was denied care including a neurological evaluation and MRI for his neck and back by the TLC. Defendants including Bristol, Bologun and Teglassy denied treatment, causing increased pain and suffering and increased deterioration of his neuropathic injuries.

34. On February 17, 2021, the parties returned to court following defendant's noncompliance with court orders. The court issued an order for emergency injunctive relief finding that defendant was noncompliant in failing to provide immediate, effective pain management for his wrist, neck and back pain, which were subsequently exacerbated to an emergent level as required by the Opinion Letter of January 26, 2021 and General

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

Judgement signed February 17, 2021 . Defendants including Roberts refused to implement the court's orders causing plaintiff increased pain and suffering and further deterioration.

35. On February 19, 2021, the parties returned to court upon defendant's continued refusal to follow the court's February 17, 2021 orders to immediately implement referral to a pain management specialist and referral to Salem Pain and Pain Clinic. Defendant also retaliated against plaintiff by removing his wheelchair and giving him a walker instead that caused severe pain due to plaintiff's untreated, dislocated wrist if used. The court found defendant in noncompliance on each issue and reiterated previous orders for referral to a pain management specialist and to Salem Pain and Pain Clinic. The court also ordered return of plaintiff's wheelchair with assistance of an aide so he could ambulate in prison without pain. Defendants including Roberts refusal to implement the court's orders and retaliation against plaintiff for pursuing his legal rights caused plaintiff increased pain and suffering and further deterioration of his wrist injury, neuropathic pain and psychological health.

36. Plaintiff returned to court following defendant's continued noncompliance with the court's February 19, 2021 order to provide a wheelchair and an aide so he could ambulate without pain. The court found defendant had not provided an aide as ordered, and ordered defendant to provide an aide for the second time. The court also invited plaintiff's counsel to apply for attorney fees. Defendants including Roberts' refusal to implement the court's orders caused plaintiff increased pain, deterioration of his medical conditions and psychological suffering.

13 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

37.     On May 17, 2021, plaintiff was denied care including a neurosurgery evaluation for his back condition and chronic and neuropathic pain by the TLC.  The TLC told him he could pay for the evaluation himself instead.  Defendants including Bristol, Bologun and Teglassy denied treatment, causing increased pain and suffering and increased deterioration of his lumbar condition and psychological health.

## FIRST CLAIM FOR RELIEF
### (Civil Rights 42 U.S.C. § 1983 – against individually named defendants )

38.     Plaintiff re-alleges paragraphs 1-37.

39.     The U.S. Constitution's Eighth Amendment, as incorporated against states via the Fourteenth Amendment, guarantees that prisoners may not be subjected to cruel and unusual punishment by state actors.  Defendants were deliberately indifferent to plaintiff's serious medical needs as found by the Marion County Circuit Court and summarized at paragraphs 18-37.

40.     As a result of the individual defendants' deliberate indifference, they violated Mr. Weaver's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

41.     As a result of defendants withholding medically necessary treatment, Mr. Weaver will likely suffer lifelong damage and deterioration of his serious medical conditions as a consequence.

42.     Defendants including Dr. Roberts retaliated against plaintiff after he won a state habeas case and obtained injunctive relief, by refusing to carry out the court's orders,

14 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

requiring three emergency hearings, and by withdrawing his medically necessary wheelchair and replacing it with a walker he could not use due to an untreated dislocated wrist. Defendants' including Roberts caused Mr. Weaver tremendous unnecessary pain and suffering and for exercising requesting care and violated his right to exercise his legal rights under the First and Eighth Amendments of the United States Constitution.

43. As a result of the individual defendants' violation of Mr. Weaver's constitutional rights and retaliation against him for exercising his right to legal redress, Mr. Weaver suffered severe physical and psychological pain and suffering. Accordingly, plaintiff is entitled to non-economic and punitive damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

44. As a result of the defendants' violation of plaintiff's constitutional rights, plaintiff suffers a worsening of his medical conditions, physical pain from delay and untreated symptoms, anxiety about his medical condition, likely future complications, and he will incur future economic damages in the approximate amount of $500,000. Accordingly, plaintiff is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983, punitive damages, and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### (Negligence –against defendant ODOC)

15 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

45. Plaintiff Weaver re-alleges all other prior relevant paragraphs as if fully set forth herein.

46. ODOC was negligent in providing care to plaintiff as follows:

    a. By withholding medically necessary treatment, and failing to provide medically and constitutionally adequate treatment for Mr. Weaver's asthma and chronic bronchitis, post-COVID-19 pulmonary damage, dislocated wrist, chronic pain including cervical and thoracic, and neuropathic pain syndrome.

    b. In failing to provide the medically necessary treatment in a timely manner, to prevent the lifelong damage and deterioration suffered as a consequence.

    c. In retaliating against Mr. Weaver after he won a state habeas case and injunctive relief, by refusing to follow the court's orders and removing his medically necessary wheelchair forcing him to use a walker with a dislocated wrist, causing tremendous unnecessary pain and suffering.

47. ODOC knew or should have known that failing to provide medically and constitutionally adequate treatment for Mr. Weaver's asthma and chronic bronchitis, post-COVID-19 pulmonary damage, dislocated wrist, chronic pain including cervical and thoracic, and neuropathic pain syndrome would result in suffering extreme physical harm and psychological pain and suffering.

48. ODOC failed to use reasonable care in providing medical care to Mr. Weaver as alleged above. ODOC's conduct was negligent.

16 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

49. ODOC owes Mr. Weaver a higher standard of care because of the nature of incarceration. As a ward of the State, ODOC manages all aspects of Mr. Weaver's health care, and decide when a request for a medical appointment should be granted. Had Mr. Weaver been a free person, he would have sought the appropriate treatment immediately and had some form of treatment rendered. However, as an incarcerated person, when Mr. Weaver sought treatment while in ODOC's facility his pleas for treatment were unmet. ODOC voluntarily took the custody of Mr. Weaver under circumstances such as to deprive Mr. Weaver of normal opportunities for protection, and created a non-delegable duty to ensure that Mr. Weaver was able to access adequate medical care while incarcerated. ODOC did not meet its obligation to provide for "healthcare, including medical, dental, mental health care and pharmacy services, that compl[ies] with appropriate professional standards." OAR 291-124-0016(1)(c).

50. ODOC's conduct was unreasonable in light of the risk of harm to Mr. Weaver. ODOC controlled all aspects of plaintiff's medical care. Mr. Weaver's untreated medical conditions of asthma and chronic bronchitis, post-COVID-19 pulmonary damage, dislocated wrist, chronic pain including cervical and thoracic, and neuropathic pain syndrome would have been treated in the community. Instead, ODOC unreasonably disregarded Mr. Weaver's pleas for medical assistance concerning his serious medical conditions noted.

51. As a consequence of ODOC's negligence, Mr. Weaver suffered physical harm and psychological pain and suffering. ODOC's failure to treat his serious medical conditions

17 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com

noted increased his physical and psychological deterioration. He will likely require future treatment as a result of ODOC's negligence, and may suffer long-term physical deterioration also as a result of ODOC's negligence.

52. ODOC's conduct was a substantial factor in causing harm to Mr. Weaver.

53. As a result of ODOC's conduct, Mr. Weaver suffered economic and non-economic damages in an amount to be proved at trial.

54. Mr. Weaver is entitled to a prevailing party fee, his costs, and his disbursements.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for his economic and non- economic damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

c. For such other and further relief as may appear just and appropriate.

**Plaintiff demands a trial by jury.**

DATED this 20th day of March, 2023.

**Law Firm of Tara Herivel, LLC**

*s/ Tara Herivel*
Tara Herivel, OSB #070418
Tara@heriveldefense.com
Tel: (503) 893-5525
Attorney for Plaintiff

18 - COMPLAINT

Law Firm of Tara Herivel, LLC
333 S.W. Taylor Street, Suite 300
Portland, Oregon 97204
Phone: (503) 893-5525
Tara@heriveldefense.com