UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD FRANCIS WEAVER,

                Plaintiff,

      v.

OREGON DEPARTMENT OF
CORRECTIONS, *an agency of the State of
Oregon*; MORIAM BALOGUN, LELAND P.
BEAMER, THOMAS L. BRISTOL,
DANIEL DEWSNUP, LORETTA IRVING,
DEENA LOZIER, BENJAMIN NORTON,
MARK PATTON, WARREN ROBERTS,
ZOLTAN TEGLASSY, and ROSALINDA
VICINA,

                Defendants.

Case No. 3:23-cv-00402-AR

**OPINION AND ORDER**

_____

**ARMISTEAD, United States Magistrate Judge**

      In early 2021, Richard Francis Weaver (also known as White Eagle Atsadi), an adult in

custody of defendant Oregon Department of Corrections (ODOC), obtained a state court habeas

corpus judgment finding that Garrett Laney, Superintendent of the Oregon State Correctional

Institution (OSCI), was deliberately indifferent to his serious medical needs under the Oregon

Constitution and the Eighth Amendment to the United States Constitution. The state court ordered Laney to provide Weaver appropriate medical care and consultations with specialists.

In federal court, Weaver sues under 18 U.S.C. § 1983 individual defendants who provided his health care—Moriam Balogun, Leland P. Beamer, Thomas L. Bristol, Daniel Dewsnup, Loretta Irving, Deena Lozier, Benjamin Norton, Mark Patton, Warren Roberts, Zoltan Teglassy, and Rosalinda Vicina. Weaver contends that those individuals have been deliberately indifferent to his serious medical needs, have refused to implement the state court's orders, and have retaliated against him, violating the First and Eighth Amendments. Also alleged by Weaver here is a negligence claim against ODOC, asserting that it has refused to provide medically appropriate care and retaliated against him after he obtained the state habeas judgment. Weaver seeks economic and noneconomic damages, attorneys' fees, and costs.

Before the court is Weaver's motion for partial summary judgment, in which he seeks to use preclusion doctrines to prevent all defendants from relitigating factual and legal issues resolved in his favor in his state habeas corpus action.[1] To establish his § 1983 claims in this lawsuit, Weaver must demonstrate that the individual defendants were personally involved in the constitutional deprivations. Because the individual defendants were not parties or in privity with parties to the state habeas proceeding and their personal participation was not litigated or established in the prior proceeding, issue preclusion does not apply to Weaver's § 1983 claim.

---

[1]      The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1). (Full Consent, ECF 14.) The court concludes that oral argument would not aid in resolving the pending motion. *See* LR 7-1(d)(1).

Conversely, issue preclusion applies to Weaver's negligence claim against ODOC. Importantly, there is an identity of issues concerning the medical care Weaver received, those issues were litigated and essential to the outcome, ODOC had a full and fair opportunity to be heard, its interests were represented by Laney in the prior proceeding, and the state habeas judgment is entitled to preclusive effect here. Moreover, ODOC has waived Eleventh Amendment sovereign immunity and presents no other rationale that prevents application of issue preclusion to the negligence claim. Therefore, as explained below, Weaver's motion for summary judgment is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

Weaver sues here several health care providers and physicians at OSCI and Two Rivers Correctional Institution (TRCI); they were employed by ODOC, are sued in their individual capacities, and are alleged to have been acting within the scope of their employment and under color of law. Defendants Balogun and Teglassy, a nurse practitioner and physician respectively, worked at OSCI and both are members of ODOC's Therapeutic Levels of Care Committee (TLC). (Compl. ¶¶ 4, 13, ECF 1.) Defendants Irving, Lozier, Vicina are medical providers who worked in various capacities at OSCI. (*Id.* ¶¶ 8-9, 14.) Defendants Beamer, Bristol, Dewsnup, Norton, and Patton are physicians at TRCI and are members of the TLC. (*Id.* ¶¶ 5-7, 10-11.) Weaver also names Roberts, a physician and the Medical Director of ODOC; he is member of the TLC and testified as an expert witness in Weaver's state habeas corpus action. (*Id.* ¶12.)

Weaver currently is incarcerated at the OSCI in Salem, and formerly was incarcerated at TRCI in Umatilla County. (*Id.* ¶ 3.) He suffers from asthma, chronic bronchitis, and pulmonary damage from COVID-19, a dislocated wrist, neuropathic pain syndrome, and chronic cervical

and thoracic pain. Due to lingering effects of COVID-19, Weaver was prescribed an albuterol ("rescue") inhaler. (*Id.* ¶ 17.) He was prescribed two puffs, four times per day, or eight doses per day. Each inhaler contains 90 doses. Despite repeated reports of shortness of breath and requests for refills, Weaver was allowed only one inhaler each 120 days. There are insufficient doses per inhaler for him to receive one dose per day, let alone the prescribed eight doses. His requests for more frequent refills went to defendants Irving and Vicina, who informed him that he must wait 120 days between inhalers. (*Id.* ¶¶ 18-19.) Weaver rationed his inhaler, using less than the prescribed amount. (*Id.* ¶ 20.)

In October 2020, Weaver fell and dislocated his left wrist. Despite repeated requests to Vicina, Irving, Balogun, and Roberts for treatment for his injury and pain relief, his requests were denied, leaving him in significant, constant pain. Defendants' denial of care caused Weaver physical and emotional pain and suffering, and deterioration of his wrist. (*Id.* ¶ 22.) On November 16, 2020, Weaver was seen by Bristol for his wrist injury. Bristol permitted a wrist splint, which was ineffective and caused increased pain. (*Id.* ¶ 25.)

Weaver also suffers from neuropathic pain syndrome with chronic cervical and thoracic pain. His requests for pain management went to the TLC committee on February 4, 2015, for consideration. Dewsnup, Beamer, and Lozier refused his requests for treatment, causing increased pain, suffering, and increased deterioration of his neuropathic injury. (*Id.* ¶ 23.) Weaver's request for treatment for his neuropathic injury again was heard by the TLC committee on December 23, 2017. His request was denied by Norton and Patton, causing him increased pain, suffering, and increased deterioration of his chronic pain conditions. (*Id.* ¶ 24.)

On May 26, 2020, Weaver filed a petition for writ of habeas corpus against Laney in

Marion County Circuit Court, *Weaver v. Laney*, Case No. 20CV19928. After a trial, Senior

Marion County Circuit Court Judge Claudia M. Burton issued a January 27, 2021, letter opinion

stating findings of fact and concluding that Weaver established violations of the Eighth

Amendment and Article I § 16 of the Oregon Constitution. (*Id.* Ex. 1.)

Judge Burton ordered that Laney must provide Weaver with sufficient inhalers to ensure

that he can use the prescribed dosage, and instructed Laney and Peters to arrange for Weaver to

see a specialist for pulmonary function testing and diagnostic workup, and that any

recommendations must be followed. (MSJ Ex. 1 at 4, ECF 32-1.) Also ordered by Judge Burton

was that Weaver should be sent for an orthopedic surgery consultation concerning his wrist and

to a pain control specialist for his neuropathic pain, and that defendants must follow any

recommendations. On February 17, 2021, Judge Burton signed Findings of Fact, Conclusions of

Law, and a General Judgment (2021 Judgment). (*Id.* Ex. 2 at 10, ECF 32-2.)

Weaver brings two claims in this lawsuit: (1) a § 1983 claim against the individual

defendants contending they were deliberately indifferent to his serious medical needs, violating

the Eighth Amendment (*id.* ¶¶ 38-44); and (2) a negligence claim against ODOC, contending that

it withheld medically necessary treatment and failed to provide adequate medical care for his

asthma, chronic bronchitis, post-COVID-19 pulmonary damage, dislocated wrist, chronic

cervical and thoracic pain, and neuropathic pain (*id.* ¶¶ 45-53). In his complaint and this motion,

Weaver seeks to prevent defendants from relitigating factual issues and legal conclusions raised

in the state habeas proceeding under issue preclusion. (Compl. ¶ 28; MSJ at 2, ECF 32.)

**LEGAL STANDARD**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party must establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the evidence in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (citations omitted); *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**DISCUSSION**

A.    *Issue Preclusion Standards*

Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of issue preclusion "protect[s] against 'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Additionally, "[f]ederal courts must give state court judgments the same preclusive effect as they would be given by courts of that state." *Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998) (citing Full Faith and Credit Act, 28 U.S.C. § 1738); *Parsons Steel v. First Ala. Bank*, 474 U.S. 518, 525 (1986)). Therefore, "Oregon law dictates our analysis of issue preclusion." *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Under Oregon law, a party is precluded from later litigating an issue of ultimate fact that has been determined by a valid and final determination. *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993). For issue preclusion to apply, five requirements must be met: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceedings; and (5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. *Id.* "Even where those elements are met, 'the court must also consider the fairness under all the circumstances of precluding a party.'" *Minihan v. Stiglich*, 258 Or. App. 839, 855 (2013) (quoting *State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 275 Or. 97, 110 (1976)). Weaver bears the burden of establishing the first, second, and fourth requirements; defendants have the burden of showing that the third and fifth requirements are not met. *Thomas v. U.S. Bank Nat'l Ass'n*, 244 Or. App. 457, 469 (2011) (citing *Barackman v. Anderson*, 214 Or. App. 660, 666-67 (2007)).

Defendants dispute that the five requirements are met and argue that the state habeas judgment should have no preclusive effect.

**B.**    *§ 1983 Claim Against Individual Defendants*

**1.**    **Identical Issues**

Oregon courts have adopted "a strict standard for the 'identity of issues' requirement and require that 'the precise question was raised and determined in the former suit.'" *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007) (quoting *State v. Hunt*, 161 Or. App. 338, 342 (1999)).

Weaver argues that the Eighth Amendment issues resolved in his state habeas proceeding are identical to those alleged here—that defendants were deliberately indifferent to his serious medical needs. Because the federal and state standards are the same, in Weaver's view, the issues presented in both proceedings are identical. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (Eighth Amendment); *Billings v. Gates*, 323 Or. 167, 180-81 (1996) (en banc) (Article I, section 16 Oregon Constitution). Although the state and federal deliberate indifference standards are the same, the court disagrees that there is an "identity of issues" in the two actions.

State habeas corpus proceedings under ORS § 34.310 provide AICs a remedy for conditions alleged to violate state and federal constitutional standards. *Garges v. Premo*, 362 Or. 797, 801 (2018); *Barrett v. Peters*, 360 Or. 445, 450 (2016). When those deprivations require immediate judicial attention and no other timely remedy is available, AICs may file a petition for a writ of habeas corpus. ORS § 34.362. The proper defendant in a state habeas proceeding is an inmate's custodian; in other words, the "officer or person by whom the party is imprisoned or restrained." ORS § 34.610(a); ORS § 34.430(1) (providing writ is sufficient if it designates the "officer or person" having custody).

Page 8 – OPINION AND ORDER
*Weaver v. ODOC*, 3:23-cv-00402-AR

As argued by defendants, to prevail on his § 1983 claim here requires Weaver to establish an additional element that he was not required to establish in the state habeas; that is, each defendant personally participated in the alleged constitutional deprivations. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that plaintiff must establish "each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (prison officials may be liable under § 1983 "when culpable action, or inaction, is directly attributed to them"). Because that precise issue was not determined in the state habeas judgment, the identity of issues is lacking. Consequently, the first requirement is not satisfied.

### 2.    Actually Litigated and Essential to Judgment

To satisfy the "actually litigated and essential to a final decision" requirement, "a prior court's resolution of an issue must be apparent from the face of a judgment or order or, if not apparent from the face of a judgment or order, must have been necessary to the resolution of the prior adjudication." *Leach v. Scottsdale Indem. Co.*, 261 Or. App. 234, 240 (2014) (citing *Westwood Constr. Co. v. Hallmark Inns*, 182 Or. App. 624, 635-36 (2002)).

Examining the 2021 Judgment entered in Weaver's state habeas proceeding, it does not mention or discuss defendants Balogun, Beamer, Bristol, Dewsnup, Irving, Lozier, Norton, Patton, Teglassy, or Vicina. (2021 Judgment, ECF 32-2.) The 2021 Judgment concludes that "ODOC's care of plaintiff falls below the standard of care," and states that the testimony provided by defendant Roberts "regarding his professional difficulties was evasive" and that he was "an unreliable witness." (*Id.* at 7-8.) Yet Weaver has not established that the personal

participation of any individual defendants—including Roberts—was actually litigated or

essential to a final decision.[2] Thus, Weaver has not met the second requirement.

### 3.     Full and Fair Opportunity to Be Heard

Under Oregon law, a full and fair opportunity to litigate the issues presented exists where

there is a "full evidentiary hearing," including representation by counsel, witnesses provide

sworn testimony and are cross-examined, a record is made, and the decision is subject to review.

*Dodd*, 136 F.3d at 1226; *see also Trees v. Serv. Emps. Int'l Union Local 503*, 763 F. Supp. 3d

1250, 1265 (D. Or. 2025) (finding administrative hearing provided full and fair opportunity to be

heard); *Hickey v. Settlemier*, 116 Or. App. 436, 439 (1992) (concluding administrative hearing

provided full and fair opportunity to litigate where plaintiff was represented by counsel, allowed

to call and cross-examine witnesses, there was a neutral factfinder, final order was subject to

review, and plaintiff had incentive to contest the issues), *rev'd on other grounds*, 318 Or. 196

(1993). The parties must have the opportunity and incentive to contest the issues. *Trees*, 763 F.

Supp. 3d at 1265 (citing *Chavez v. Boise Cascade Corp.*, 307 Or. 632, 635 (1989)).

Weaver argues that because defendant Roberts testified in the state habeas proceeding,

there was full and fair opportunity for the individual defendants to present evidence concerning

the medical care Weaver received and to contest that they were deliberately indifferent to his

serious medical needs. Not so.

---

[2]     Weaver points the court to a 494-page transcript of his habeas corpus proceeding. (MSJ at 3 n.2 & 12 n.5, citing Ex. 3, ECF 32-3.) In doing so, Weaver fails to identify specific materials as required to satisfy his burden on summary judgment. *See, e.g.*, FED. R. CIV. P. 56(c)(1)(A) (stating that moving party must identify "particular parts of materials in the record" to support summary judgment motion).

None of the individual defendants named in this lawsuit were parties, did not offer testimony, and aside from Roberts, were not witnesses in the habeas proceeding. And although Roberts testified as an expert, he was not appearing on his own behalf and did not have an opportunity to call or cross-examine witnesses on his own behalf. As argued by defendants, several of the individual defendants in this action are licensed nurses and physicians, and if they are found liable here, reporting requirements attach, regardless of whether they were working within the scope of their employment or if ODOC pays any potential damage awards. (Resp. at 4.) Unlike the § 1983 claim, the potential for financial liability—and mandatory reporting requirements—were not at stake in the state habeas proceeding. Thus, the individual defendants did not have a full and fair opportunity or incentive to contest the evidence presented in the prior proceeding. Accordingly, the individual defendants have shown that they did not have a full and fair opportunity to be heard, and third requirement is not satisfied.

### 4.    Party or In Privity with Party to Prior Proceeding

"The purpose of the 'party or in privity with a party' requirement is to ensure that the party being estopped was 'adequately protected in the first trial and therefore received due process.'" *Stevens v. Horton*, 161 Or. App. 454, 461-62 (1999) (quoting *Gaul v. Tourtellotte*, 260 Or. 14, 20 (1971)). Oregon recognizes three categories of privity that may bind nonparties: "(1) those who control an action though not a party to it; (2) those whose interests are represented by a party to the action; and (3) successors in interest to those having derivative claims." *Id.*; *see Thomas v. U.S. Bank Nat'l Ass'n*, 244 Or. App. 457, 473 (2011) (collecting cases). When applying privity to bind nonparties, courts are concerned "about the fairness of binding a person

to a judgment rendered in an earlier case in which he or she was not a party." *Bloomfield v. Weakland*, 339 Or. 504, 511 (2005).

Weaver argues that all defendants fall into the second category of privity because their interests were represented by Laney in the state habeas proceeding. Weaver argues that Roberts was an agent of the state and was in privity with Laney. (MSJ at 12, ECF No. 32.) All individual defendants named here, in Weaver's view, are prison staff and therefore were in privity with Laney. (*Id.* at 13.) The court is not persuaded.

Government employees may be in privity with their employers when their actions are within the course and scope of their employment. *See Gruber v. Or. Health & Sci. Univ.*, No. 3:23-cv-01902-YY, 2024 WL 4993682, at *3 (D Or. Oct. 23, 2024) ("Decisions in this district have held that employees are in privity with their employers when the challenged conduct is within the scope of employment."), *adopted by*, 2024 WL 4993439 (Dec. 5, 2024). To establish privity, however, the employees must be sued in their same capacity. Here, the individual defendants are being sued in their individual capacities in the § 1983 claim. (Compl. ¶¶ 4-14.) As noted above, the individual defendants were not parties in the state habeas proceeding, had no right to appear, call witnesses on their behalf, present evidence, or cross-examine Weaver. Laney was the only defendant in the state habeas proceeding and he defended the constitutionality of Weaver's confinement. *See* ORS § 34.610 (providing that AIC's custodian is the proper defendant in state habeas proceeding). Weaver also has not shown that Roberts' participation as an expert witness mandates an outcome different from that of the other individual defendants. Contrary to Weaver's suggestion, the individual defendants, including Roberts, had no ability to control the state habeas proceeding, even though they are employed by the same government

agency and are represented by the Oregon Department of Justice. *See Barrett v. Belleque*, 344 Or. 91, 102 (2008) (discussing "speedy remedy" provided though state habeas corpus proceeding).

And as noted above, because the individual defendants face potential financial liability and professional licensing risks that were not at stake in the prior proceeding, their interests were not represented by Laney in the prior proceeding. *Stevens*, 161 Or. App. at 462 (holding that post-conviction ineffective assistance of counsel finding could not be used to obtain summary judgment on breach of standard of care in legal malpractice action because attorney was not party to post-conviction proceeding and interests were not protected). *See also Torres v. Diaz*, 1:14-cv-00492-DAD-SAB (PC), 2016 WL 4708489, at *2 (E.D. Cal. 2016) ("[P]rivity is lacking where parties in the two suits have not been sued in the same capacity, because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity." (collecting cases)). Weaver has not demonstrated that the individual defendants were in privity with Laney to establish the fourth requirement.

### 5.     Type of Proceeding Given Preclusive Effect

Four of the five issue preclusion requirements have not been met; the court does not need to discuss the fifth element of issue preclusion as to the individual defendants.

### C.     *Negligence Claim Against ODOC*

Weaver argues that he is entitled to summary judgment on his negligence claim against ODOC because he has already proven that ODOC was deliberately indifferent to his serious medical needs, which demands a higher standard than negligence. According to Weaver, ODOC's interests were represented by Laney in the prior proceeding, that judgment is entitled to preclusive effect, and trial on his negligence claim should proceed on damages only.

Although in its response defendants asserted that the state is entitled to Eleventh Amendment immunity on Weaver's negligence claim and that it had not waived its sovereign immunity (Resp. at 7, ECF 41), it has since abandoned that argument by acknowledging that it has waived its sovereign immunity.[3] Because the state's waiver of sovereign immunity is unequivocal, ODOC is not immune from liability on Weaver's negligence claim.

Weaver maintains that the five requirements of issue preclusion are satisfied with respect to the negligence claim here. Aside from the erroneous Eleventh Amendment waiver argument, defendants' briefing offers no specific argument against preclusion with respect to the negligence claim.

The court concludes that Weaver meets the five requirements to apply issue preclusion to the negligence claim alleged against ODOC. To prove his negligence claim here, Weaver would need to show that (1) defendants' conduct caused a foreseeable risk of harm, (2) to an interest that is protected against negligent invasion, (3) defendants' conduct was unreasonable in light of the risk, (4) defendants' conduct caused him harm, and (5) he was within the class of persons and her injury was within the general type of potential injury that made defendants' conduct negligent. *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 784 (2023).

---

[3]    In his reply, Weaver submits an email from counsel for defendants confirming that "we have been authorized to waive 11th Amendment immunity in this case." (Reply Ex. A at 1, ECF 42-1.) *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding a state will be deemed to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction" (simplified)); *Micomonaco v. State of Washington*, 45 F.3d 316, 321 (9th Cir. 1995) (holding that waivers of immunity must be unequivocal). The court received email verification from counsel for the state on June 13, 2025, that it has waived sovereign immunity in this case.

Page 14 – OPINION AND ORDER
*Weaver v. ODOC*, 3:23-cv-00402-AR

It is undisputed that "[t]he government has an obligation to provide appropriate medical care for the people it holds in confinement." *Balla v. Idaho*, 29 F.4th 1019, 1025-26 (9th Cir. 2022); *Estelle v. Gamble*, 429 U.S. 97, 103, (1976). And a plaintiff is generally required to "offer expert testimony that, to a reasonable medical probability, the alleged breach of the standard of care caused the plaintiff's injuries." *Chouinard v. Health Ventures*, 179 Or. App. 507, 512 (2002).

To establish his Eighth Amendment claim in the state proceeding, Weaver was required to establish that Laney was deliberate indifferent to his serious medical needs, including that prison officials subjectively knew of and disregarded excessive risks to his health. *Tojuchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A difference of medical opinion is insufficient; rather, to prevail, the chosen course of treatment must be "medically unacceptable under the circumstances," and be selected "in conscious disregard of an excessive risk to [his] health." *Id.* at 1058 (citation modified).

Weaver proved in the state habeas proceeding that officials were aware of his medical issues, the risks of failing to provide that care, that the medical care he received for his health issues fell below the standard of care, and those conclusions were litigated and essential to the state habeas judgment. Weaver presented expert testimony from Dr. Mark Baskerville in the state habeas proceeding, and based on that credible testimony, Judge Barton determined that "ODOC's care of [Weaver] falls below the standard of care," and "was not the result of any reasonable difference in medical opinion." (2021 Judgment at 8, ECF 32-2.) Thus, Weaver satisfies the first and second requirements of issue preclusion.

Although ODOC was not a party to the prior proceeding, Weaver has demonstrated that ODOC's interests in the state habeas proceeding were represented by Laney. As the

Page 15 – OPINION AND ORDER
*Weaver v. ODOC*, 3:23-cv-00402-AR

Superintendent of OSCI, Laney was tasked with operating, controlling, and managing, the institutions where Weaver was confined. ORS §§ 179.310, 179.321 (providing "[t]he Department of Corrections shall operate, control, manage and supervise" ODOC institutions). Laney appeared in the state habeas proceeding in his official capacity, had the authority to control the habeas proceeding on behalf of ODOC, and his interests were aligned with those of ODOC's. Defendants' briefing does not dispute that Laney is in privity with ODOC for purposes of Weaver's negligence claim. Thus, the court concludes that privity exists between Laney and ODOC here. *See Tyler v. Horizon Project, Inc.*, 26 F. Supp. 2d 1250, 1255 (D. Or. 1998) (discussing that ORS § 30.285 provides that Oregon Attorney General defends and indemnifies state officers when performing their official duties and may establish privity when officers are sued for acts within their duties). Weaver satisfies the fourth requirement.

Defendants do not assert that they did not have a full and fair opportunity to be heard in the prior proceeding about the medical care it provided to Weaver. The state habeas proceeding was adversarial with a neutral factfinder, Laney was represented by counsel, had the opportunity to call witnesses, cross-examine Weaver, and a transcript of the proceeding was produced. Although Judge Barton found the witness called by Laney (defendant Roberts) was not credible, that fact does not undermine that a fulsome hearing was conducted. And, unlike the individual defendants' § 1983 claims, defendants identify no additional elements that Weaver must prove before liability can attach on his negligence claim against ODOC here. Defendants have not established that they lacked a full and fair opportunity to be heard; consequently, the third requirement of issue preclusion is satisfied.

And as Weaver contends, a state habeas corpus proceeding is the type of proceeding to which courts give preclusive effect. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346-47 (9th Cir. 1981) (holding that a judgment in a California state habeas corpus proceeding precludes an identical issue from being relitigated in a subsequent § 1983 action); *see also Neubarth v. Peters*, No. 20-35539, 2021 WL 6066996 (9th Cir. Dec. 20, 2021) (giving preclusive effect to state court habeas judgment to prevent relitigation in later federal § 1983 action); *Zielinski v. Deihl*, 10-449-CL, 2011 WL 7422503, at *2-3 (D. Or. July 7, 2011) (applying issue preclusion; AIC could not relitigate issues about medical care in federal § 1983 action where he lost state habeas proceeding about medical care he received), *adopted by*, 2012 WL 629516 (Feb. 24, 2012). Finally, defendants offer no argument that applying issue preclusion to the negligence claim against ODOC here presents any fairness concerns beyond the enumerated issue preclusion factors. *See Minihan*, 258 Or. App. at 855 (stating that court must consider fairness under all circumstances when precluding a party); *Trees*, 763 F. Supp. 3d at 1269 (discussing other statutory and constitutional issues raised by party opposing preclusion).

For all those reasons, the court applies issue preclusion to the state court's conclusions that the medical care provided by ODOC to Weaver for his pulmonary issues, wrist injury, and chronic pain fell below the standard of care, that ODOC was repeatedly put on notice about the quality of the care, and that ODOC was deliberately indifferent to Weaver's serious medical needs. Resolving those issues determines Weaver's negligence claims against defendant ODOC, and therefore, his motion for summary judgment is GRANTED IN PART.

As discussed above, the court declines to apply issue preclusion to Weaver's § 1983

claims against the individual defendants, and Weaver's motion for summary judgment on that

basis is DENIED.[4]

## CONCLUSION

For the above reasons, Weaver's Motion for Summary Judgment (ECF 32) is GRANTED

IN PART and DENIED IN PART.

DATED: June 16, 2025.

JEFF ARMISTEAD
United States Magistrate Judge

---

[4]     The court understands Weaver to be contending that claim preclusion does not prevent
this lawsuit in which he seeks damages. (MSJ at 8-10.) The court agrees. Moreover, defendants
do not appear to assert that Weaver is precluded from litigating the issue of damages against
ODOC on his negligence claim. (*See* Resp. at 7, ECF 41 ("Defendants' rights in the subsequent
civil action cannot be precluded by the doctrine of *res judicata*."), ("The Supreme Court's
decisions here only support the view that a state habeas action and a Federal § 1983 action are
separate.").)

Weaver does not allege in his complaint that he has complied with the Oregon Tort
Claims Act (OTCA), and defendants do not allege as an affirmative defense that Weaver did not
provide timely notice of his claims as required by ORS § 30.275. *See, e.g.*, *Maney v. Oregon*, 729
F. Supp. 3d 1087, 1182-84 (D. Or. 2024) (commencement of an action within the 180 days can
provide the OTCA's required notice).

Page 18 – OPINION AND ORDER
*Weaver v. ODOC*, 3:23-cv-00402-AR